Michael A. Simmrin (238092)
Simmrin Law Group
3500 W. Olive Avenue, Suite 300
Burbank, CA 91505
Tel.: (818) 827-7171
michael@simmrinlawgroup.com
Debi F. Chalik, Esq. Admitted Pro Hac Vice (Florida Bar No. 179566)
CHALIK & CHALIK, P.A.
10063 N.W. 1st Court
Plantation, Florida 33324
Tel.: (954) 476-1000
Fax: (954) 472-1173
Debi@Chaliklaw.com
Litigation@Chaliklaw.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES

| | |
|---|---|
| STANLEY DACHINGER & LINDA DACHINGER and JACKIE BROCK & JANIS BROCK,<br><br>Plaintiff,<br><br>v.<br><br>PRINCESS CRUISE LINES LTD.,<br><br>Defendant. | Case No. 2:20-CV-03847-RGK-SK<br><br>Judge: Hon. R. Gary Klausner<br><br>Magistrate: Hon. Steve Kim<br><br>**SECOND AMENDED COMPLANT AND DEMAND FOR JURY TRIAL** |

Plaintiffs, by and through their undersigned counsel, hereby sues Defendant, PRINCESS CRUISE LINES LTD. (hereinafter, "PRINCESS"), and alleges:

1

**THE PARTIES AND JURISDICTION**

1. This is an action seeking damages in excess of $1,000,000.00 (One Million Dollars) exclusive of interest, costs and attorney's fees.

2. This Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as this is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.

3. This Court also has Admiralty subject matter jurisdiction pursuant to 28 U.S.C. § 1333 as this case involves a maritime tort. The type of incident and injuries suffered by Plaintiffs had the potential to impact maritime commerce as Plaintiffs are at serious risk of imminent harm as a result of being exposed to the Coronavirus running rampant aboard the cruise ship upon which they are paying passengers.

4. Plaintiff, STANLEY DACHINGER is sui juris, is a resident of Suffolk County, New York, and was a passenger onboard the Grand Princess.

5. Plaintiff, LINDA DACHINGER is sui juris, is a resident of Suffolk, New York, and was a passenger onboard the Grand Princess.

6. Plaintiff, JACKIE BROCK is sui juris, is a resident of Suffolk County, New York, and was a passenger onboard the Grand Princess.

7. Plaintiff, JANIS BROCK is sui juris, is a resident of Suffolk County, New York, and was a passenger onboard the Grand Princess.

8. Princess Cruise Lines LTD. is incorporated in Bermuda, with its headquarters in Santa Clarita California. The action is being filed in this Court pursuant to the terms and conditions of the Passenger Contract issued by Defendant, Princess Cruise Lines Ltd.

9. At all times hereto, PRINCESS owned and operated the cruise ship the Grand Princess.

10. This Court has personal jurisdiction over PRINCESS as PRINCESS' principle place of business is located in Los Angeles County, Los Angeles.

11. PRINCESS conducts substantial business within the state of California, including operating cruises from ports in San Francisco, San Diego and Los Angeles.

12. PRINCESS markets cruise vacations to Californian residents and employs thousands of Californian residents to work at its California headquarters.

13. Plaintiffs STANLEY DACHINGER and LINDA DACHINGER were passengers aboard the Grand Princess which departed out of San Francisco on February 21, 2020, and came down with symptoms of COVID-19 on or about March 9, 2020, including headaches, stomach problems and chest pains. They were quarantined on said ship through Wednesday, March 11, 2020, as a result of an outbreak of COVID-19 and Plaintiffs, STANLEY DACHINGER and LINDA DACHINGER both tested positive for COVID-19 while quarantined at Dobbins Air Force Base.

14.   Plaintiffs JACKIE BROCK and JANIS BROCK were passengers aboard the Grand Princess which departed out of San Francisco on February 21, 2020. JACKIE BROCK came down with symptoms on or about March 22, 2020, including fatigue, headache, trouble breathing, fever and cough while quarantined at Dobbins Air Force Base, after having been quarantined on said ship through Wednesday, March 11, 2020 as a result of an outbreak of COVID-19.  JANIS BROCK came down with symptoms on or about March 17, 2020, including fatigue, headaches, muscle aches and congestion while quarantined at Dobbins Air Force Base, after having been quarantined on said ship through Wednesday, March 11, 2020 as a result of an outbreak of COVID-19. JANIS BROCK tested positive for the antibody on May 26, 2020 indicating that she contracted COVID-19 on Defendant's ship. JACKIE BROCK tested negative for the antibody, however his physician, Dr. Danielle Laieta claims it was a false negative, as JACKIE BROCK experienced all of the symptoms associated with coronavirus.

## FACTUAL BACKROUND

In the recent months, there has been a worldwide outbreak of a new strain of the Corona virus, commonly known as COVID-19.  The virus began in China in December 2019, and has quickly spread throughout Asia, Europe and most recently, North America.  The virus causes temperature, a dry cough, and can be fatal.  There have been over One Hundred Thousand cases worldwide and over Three Thousand

deaths as result of COVID-19. Those fatalities have largely been amongst the elderly population, and those with underlying medical complications.

COVID-19 really gained the attention of the public when the Diamond Princess Cruise ship, also owned and operated by Defendant, suffered an outbreak of the disease at the beginning of February 2020 in Yokohama, Japan. The outbreak began with ten cases, and rapidly multiplied to seven hundred cases, as a result of the flawed two-week quarantine on the ship. The Center for Disease Control, (CDC) issued a statement on February 18, 2020, that "the rate of new reports of positives new on board, (Diamond Princess), especially among those without symptoms, highlights the high burden of infection on the ship and potential for ongoing risk." Seven of Defendant's passengers died as a result of COVID-19.

It would only stand to reason, that having experienced such a traumatic outbreak on board one of its vessels less than a month prior to the current voyage on board the Grand Princess, that the Defendant would have learned to take all necessary precautions to keep its passengers, crew and the general public safe. Unfortunately, the Defendant PRINCESS did no such thing, which is why Plaintiffs contracted the highly communicable disease, COVID-19.

# COUNT I

## (NEGLIGENCE AGAINST PRINCESS)

Plaintiffs re-allege all allegations in paragraphs 1 through 14 above as if alleged fully herein.

15. PRINCESS owed Plaintiffs, who were paying passengers who boarded the Grand Princess on February 21, 2020, the duty to ensure that they would not be exposed to unreasonable risk of harm that defendant knew or should have known about while sailing on its vessel.

16. Defendant breached its duty in that it had knowledge that at least one of its passengers from the prior voyage who disembarked Feb 21, 2020 had symptoms of coronavirus, and yet Defendant's corporate office made the conscious decision to continue sailing the voyage that began on February 21, 2020 with another three thousand passengers on an infected ship.

17. Specifically, Defendant's corporate office was aware of at least two passengers who disembarked its ship on February 21, 2020 in San Francisco, had symptoms of the coronavirus. It went as far as to send emails on Wednesday February 25, to passengers who disembarked the Grand Princess on February 21, notifying them of the potential of exposure to the coronavirus while onboard their cruise.

18. To make matters even worse, there were sixty-two passengers on board the Plaintiffs' cruise, who were also on the prior voyage, who were exposed to the passengers that were confirmed to be infected, and later died.

19. In continuing to sail with another three thousand passengers, including Plaintiffs, on February 21, 2020, knowing that some of those passengers and crew had already been exposed to COVID-19, the Defendant PRINCESS has exposed Plaintiffs to actual risk of immediate physical injury.

20. Defendant is further negligent in failing to have proper screening protocols for COVID-19 prior to boarding the passengers on Plaintiffs' voyage. Despite the knowledge and experience Defendant's corporate office had with the outbreak of the disease on the Diamond Princess just a mere three weeks prior to the instant case, Defendant did not have proper screening protocol in place to minimize the risk of exposure of the disease to its passengers and crew.

21. Prior to boarding the February 21, 2020 sailing on the Grand Princess, passengers were simply asked to fill out a piece of paper confirming they were not sick. Not one passenger was questioned, let alone examined in any capacity. Incredibly, not one of those sixty-two passengers or crew members who were mixing and mingling with the infected prior passengers were ever examined during the instant voyage until being tested for the virus on Thursday March 5, 2020, two weeks after the ship sailed.

22.     As a result of the Defendant's lackadaisical approach to the safety of Plaintiffs, its passengers and crew aboard the Grand Princess, Plaintiffs contracted COVID-19 on Defendant's ship and remained sick for weeks.

23.     Finally, Defendant, PRINCESS' corporate office is negligent in failing to adequately warn Plaintiffs about the potential exposure to COVID-19 prior to boarding the ship on February 21, 2020, and again during the sailing of said cruise. Defendant had actual knowledge of at least two passengers who sailed on its ship the week prior, disembarked with symptoms of coronavirus, and one confirmed death as a result.  Defendant also knew that there were sixty-two passengers and crew who were on board that same sailing, who were on board with Plaintiffs, and failed to inform Plaintiffs **at any time prior to boarding or while they were already onboard**, that there was an actual risk of exposure to COVID-19.  In addition, PRINCESS failed to inform Plaintiffs that a crew member aboard their cruise actually disembarked in Hawaii as a result of coronavirus.

24.     If Plaintiffs had knowledge of this actual risk of exposure prior to boarding, they would have never boarded the ship.  If they were informed of the risk on February 25, 2020, when the former passengers were notified by email, Plaintiffs would have disembarked at the first port of call in Honolulu on Feb 26, 2020.  Due to Defendant's outright negligence in failing to warn Plaintiffs of the actual risk of exposure to COVID-19 aboard its infected ship, Plaintiffs were quarantined in their cabin along with the rest of the passengers and crew, off the coast of San Francisco,

anxiously awaiting their fate, until they were transferred to various Air Force bases across the country where they remained quarantined, and ultimately became ill with symptoms of COVID-19.



25.   As a direct and proximate result of the aforementioned negligence of the Defendant PRINCESS, in exposing them to COVID-19 on their ship, Plaintiffs, STANLEY DACHINGER, LINDA DACHNGER, JACKIE BROCK and JANIS BROCK, suffered physically in and about their bodies due to the pain from contracting COVID-19, and are emotionally traumatized due to their fear of the long term effects of said disease, and said emotional trauma will continue to plague them..

**WHEREFORE**, Plaintiffs demand judgment against Defendant PRINCESS CRUISE LINES LTD for damages suffered as result of their negligence and a trial by jury on all issues triable.

## COUNT II

## (GROSS NEGLIGENCE AGAINST DEFENDANT PRINCESS)

Plaintiff re-alleges all allegations set out in paragraphs 1 through 25 above as if alleged fully herein.

26. Defendant Princess' corporate office's conduct in deciding to continue to sail the Grand Princess with Plaintiffs, knowing that the ship was infected from two previous passengers who came down with symptoms of COVID-19, and had sixty-two passengers on board with Plaintiffs who were previously exposed to those two infected individuals, along with the prior crew, shows a lack of any care on the part of Defendant, amounting to gross negligence. Defendant knew how dangerous it was to expose Plaintiffs and the rest of its passengers to COVID-19 in light of its experience with the Diamond Princess a short three weeks prior, and yet it departed from what a reasonably careful cruise line would do under the circumstances in continuing to sail with Plaintiffs.

27. Moreover, Defendant's corporate office's conduct in failing to warn Plaintiffs of their actual risk of harm in being exposed to COVID-19, either prior to boarding or while they were already on board, in light of the prior passenger who came down with symptoms who ended up dying, along with others who came down with symptoms from that prior voyage, and the crew member who disembarked

during this voyage from the virus, amounts to an extreme departure of a what a reasonably careful cruise line would do, in light of that fact that Plaintiffs are elderly.

28. Defendant PRINCESS' corporate office chose to place profits over the safety of its passengers, crew and the general public in continuing to operate business as usual, despite their knowledge of the actual risk of injury to Plaintiffs, who are elderly.

29. Due to Defendant's outright wanton and reckless conduct as specified above, Plaintiffs all contracted COVID-19 on the Grand Princess and were sick with fatigue, trouble breathing, headaches, stomach problems, fever and cough. Plaintiffs suffered physically in and about their bodies due to the disease, and suffer emotional trauma due to the fear of the long term effects of COVID-19.

**WHEREFORE**, Plaintiffs demand judgment against Defendant, PRINCESS CRUISE LINES LTD, including punitive damages suffered as a result of the alleged gross negligence on Defendant, and a trial by jury on all issues triable.

## **DEMAND FOR JURY TRIAL**

The Plaintiffs hereby demand trial by jury of all issues so triable of right.

Dated this 10th day of September, 2020.

        Michael A. Simmrin
        SIMMRIN LAW GROUP
        3500 W. Olive Avenue, Suite 300
        Burbank, CA 91505
        Tel.: (954) 476-1000
        Fax: (424) 653-6564

By /S/ Michael A. Simmrin
        MICHAEL A. SIMMRIN
        California Bar No. 238092

Debi F. Chalik (Admitted Pro Hac Vice)
CHALIK AND CHALIK, P.A.
Attorneys for Plaintiff
10063 N. W. 1st Court
Plantation, Florida 33324
Tel.: (954) 476-1000
Fax: (954) 472-1173

By Debi F. Chalik
        DEBI F. CHALIK
        Florida Bar No. 179566