Jeffrey B. Maltzman, CA Bar No. 131758
Edgar R. Nield, CA Bar No. 135018
Gabrielle De Santis Nield, CA Bar No. 110930
Rafaela P. Castells, CA Bar No. 290828
MALTZMAN & PARTNERS, P.A.
681 Encinitas Boulevard, Suite 315
Encinitas, CA 92024
Telephone: (760) 942-9880
Facsimile:  (760) 942-9882
jeffreym@maltzmanpartners.com
edn@maltzmanpartners.com
gabn@maltzmanpartners.com
rafaelac@maltzmanpartners.com

Attorneys for Defendant, PRINCESS CRUISE LINES, LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY DACHINGER, LINDA DACHINGER, JACKIE BROCK and JANIS BROCK,<br><br>Plaintiff,<br><br>vs.<br><br>PRINCESS CRUISE LINES, LTD.,<br><br>Defendants. | CASE NO.: 2:20-CV-03847-RGK-SK<br><br>**DEFENDANT PRINCESS CRUISE LINES, LTD.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Judge: Hon. R. Gary Klausner<br>Magistrate: Hon. Steve Kim<br>Filed:  04/28/2020 |

Defendant PRINCESS CRUISE LINES, LTD (hereinafter "PRINCESS" or "Defendant") hereby responds to Plaintiffs' Second Amended Complaint [ECF #36] and admits, denies, and alleges as follows in its Answer:

## The Parties and Jurisdiction

1. Answering Paragraph 1 of Plaintiffs' Second Amended Complaint, Defendant PRINCESS admits that Plaintiffs seek damages in excess of this Court's jurisdictional limit exclusive of interest, costs and fees, but denies that Princess is liable for any damages, interest, costs, or fees whatsoever, and further denies that Plaintiffs sustained any damages, interest, costs, or fees for which Princess would be

1 responsible.

2. Answering Paragraph 2 of Plaintiffs' Second Amended Complaint, Defendant states that the allegations constitute legal conclusions for which no response is appropriate or required. Should a response be required, Defendant does not have sufficient information or belief to enable it to answer said Paragraph and, on that ground, denies the allegations.

3. Answering Paragraph 3 of Plaintiffs' Second Amended Complaint, Defendant states that the allegations constitute legal conclusions to which no response is appropriate or required. Should a response be required, Defendant admits that this Court has Admiralty subject matter jurisdiction pursuant to 28 U.S.C. Section 1333 but otherwise denies the allegations.

4. Answering Paragraph 4 of Plaintiffs' Second Amended Complaint, Defendant admits that Plaintiff was a passenger onboard the cruise ship *Grand Princess.* Defendant does not have sufficient information or belief to enable it to answer the remaining allegations in said Paragraph and, on that ground, denies the allegations.

5. Answering Paragraph 5 of Plaintiffs' Second Amended Complaint, Defendant admits that Plaintiff was a passenger onboard the cruise ship *Grand Princess.* Defendant does not have sufficient information or belief to enable it to answer the remaining allegations in said Paragraph and, on that ground, denies the allegations.

6. Answering Paragraph 6 of Plaintiffs' Second Amended Complaint, Defendant admits that Plaintiff was a passenger onboard the cruise ship *Grand Princess.* Defendant does not have sufficient information or belief to enable it to answer the remaining allegations in said Paragraph and, on that ground, denies the allegations.

/ / /

/ / /

MALTZMAN & PARTNERS
681 ENCINITAS BOULEVARD, SUITE 315
ENCINITAS, CA 92024
TELEPHONE: (760) 942-9880 FAX: (760) 942-9882

7. Answering Paragraph 7 of Plaintiffs' Second Amended Complaint, Defendant admits that Plaintiff was a passenger onboard the cruise ship *Grand Princess*. Defendant does not have sufficient information or belief to enable it to answer the remaining allegations in said Paragraph and, on that ground, denies the allegations.

8. Admitted.

9. Admitted.

10. Answering Paragraph 10 of Plaintiffs' Second Amended Complaint, Defendant states that the allegations constitute legal conclusions to which no response is appropriate or required. Should a response be required, Defendant does not contest personal jurisdiction in this action.

11. Answering Paragraph 11 of Plaintiffs' Second Amended Complaint, Defendant admits it conducts business worldwide including in California and Defendant does not contest personal jurisdiction in this action. Except as admitted, denied.

12. Answering Paragraph 12 of Plaintiffs' Second Amended Complaint, Defendant admits that Defendant markets cruise vacations to California residents and Defendant does not contest personal jurisdiction in this action. Except as admitted denied.

13. Answering Paragraph 13 of Plaintiffs' Second Amended Complaint, Defendant admits that Plaintiffs were passengers aboard the Grand Princess which departed out of San Francisco on February 21, 2020. Defendant lacks sufficient information to admit or deny the remaining allegations and on that basis denies them.

/ / /

/ / /

/ / /

/ / /

14. Answering Paragraph 14 of Plaintiffs' Second Amended Complaint, Defendant admits that Plaintiffs were a passenger aboard the Grand Princess which departed out of San Francisco on February 21, 2020. Defendant lacks sufficient information to admit or deny the remaining allegations and on that basis denies them.

**FACTUAL BACKGROUND**

Answering the first unnumbered paragraph under "Factual Background" on page 4 of Plaintiffs' Second Amended Complaint, Defendant admits there has been a worldwide outbreak of a disease commonly known as COVID-19 caused by a novel coronavirus that reportedly began in China. Defendant further admits that COVID-19 causes a wide array of symptoms, many of which are common to many other ailments, and may include fever or cough. Defendant lacks sufficient information to admit or deny the remaining allegations and on that basis denies them.[1]

Answering the second paragraph under "Factual Background" on page 5 of Plaintiffs' Second Amended Complaint, Defendant admits that a COVID-19 outbreak occurred on the *Diamond Princess*, that the virus spread among passengers during the Japanese government-controlled quarantine, that a significant number of cases and multiple deaths were reported to have occurred following the cruise and the Japanese government-controlled quarantine, and that CDC issued a statement on February 19, 2020 regarding the *Diamond Princess*. To the extent the allegations purport to summarize or state the contents of documents, those documents speak for themselves, and Defendant denies any characterization that is inconsistent with their content. Except as expressly admitted, Defendant denies the remaining allegations.

/ / /

---

[1] Defendant uses the page numbers assigned to the electronically-filed version of the Second Amended Complaint [ECF No. 36] cited herein.

Answering the third unnumbered paragraph under "Factual Background" on page 5 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations.

## COUNT I

## (NEGLIGENCE AGAINST PRINCESS)

Defendant incorporates its responses to paragraph numbers 1 through 14 above as though fully set forth herein.

15. Answering Paragraph 15 of Plaintiffs' Second Amended Complaint, the allegations of this Paragraph constitute legal conclusions for which no response is appropriate or required. To the extent a response is required, Defendant admits that Plaintiffs were passengers on its February 21, 2020 *Grand Princess* cruise and were owed a duty of reasonable care under the circumstances. Except as specifically admitted, Defendant denies the allegations.

16. Answering Paragraph 16 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations.

17. Answering Paragraph 17 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations.

18. Answering Paragraph 18 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations.

19. Answering Paragraph 19 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

20. Answering Paragraph 20 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations.

21. Answering Paragraph 21 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations.

22. Answering Paragraph 22 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations.

23. Answering Paragraph 23 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations.

MALTZMAN & PARTNERS
681 ENCINITAS BOULEVARD, SUITE 315
ENCINITAS, CA 92024
TELEPHONE: (760) 942-9880 FAX: (760) 942-9882

24. Answering Paragraph 24 of Plaintiffs' Second Amended Complaint, Defendant denies it was negligent but otherwise lacks sufficient knowledge or information to answer the remaining allegations and on that basis denies them.

25. Answering Paragraph 25 of Plaintiffs' Second Amended Complaint, Defendant denies that it was negligent or that it caused or contributed to Plaintiffs' alleged injuries. Except as admitted, Defendant lacks sufficient knowledge or information to answer the remaining allegations and on that basis denies them.

Defendant denies that Plaintiffs are entitled to any relief whatsoever against this Defendant and further denies the allegations of negligence

## COUNT II
## (GROSS NEGLIGENCE AGAINST DEFENDANT PRINCESS)

Defendant admits that Plaintiffs re-allege each and every allegation contained in paragraphs 1 through 25 and incorporates the same as part thereof and Defendant incorporates its responses above.

26. Answering Paragraph 26 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations.

27. Answering Paragraph 27 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations.

28. Answering Paragraph 28 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations.

29. Answering Paragraph 29 of Plaintiffs' Second Amended Complaint, Defendant denies the allegations.

Defendant denies that Plaintiffs are entitled to any relief whatsoever against this Defendant including punitive damages and further denies the allegations of gross negligence.

/ / /

/ / /

/ / /

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are governed by general maritime law and any recovery is limited by same.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are governed by the Passage Contract applicable to their voyage and the Defendant adopts and incorporates the terms of the Passage Contract into its answer by reference.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Second Amended Complaint fails to state a claim upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' acts and omissions were the sole, proximate cause of their alleged or injuries, if any.

## FIFTH AFFIRMATIVE DEFENSE

The incident and injuries alleged by the Plaintiffs, if any, were the result of superseding, intervening, and/or unforeseeable causes from which the Defendant had no duty to protect Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs failed to act timely and reasonably and/or failed to exercise due care in order to minimize or mitigate their damages.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that the Defendant is liable for aggravating any pre-existing injury, illness or condition, which the Defendant specifically denies, Plaintiffs' damages should only be for an amount commensurate with the degree that Plaintiffs' pre-existing injury, illness or condition was aggravated by the conduct or omission of the Defendant.

/ / /

**EIGHTH AFFIRMATIVE DEFENSE**

The injuries or damages suffered by Plaintiffs, if any, were solely caused by the actions and/or omissions of third parties for whom the Defendant has no responsibility or liability.

**NINTH AFFIRMATIVE DEFENSE**

Defendant has no legal responsibility for the damages or injuries alleged by Plaintiffs in the Second Amended Complaint; however, in the event that the Defendant is held liable, any liability being specifically denied by the Defendant, said liability will be due in whole or in part to the acts, omissions, activities, failures, recklessness or negligence of others. Accordingly, any recovery by the Plaintiffs against the Defendant should be reduced in proportion to the respective negligence, fault, or responsibility of all other parties, persons, or entities, including their agents, servants, representatives, or employees who contributed to or caused any injury or damages to Plaintiffs, if any, in accordance with the law governing comparative fault.

**TENTH AFFIRMATIVE DEFENSE**

Defendant's liability, if any, must be reduced by the comparative amount of liability and/or fault attributable to the Plaintiffs for the reasons set forth in the preceding and subsequent affirmative defenses and by reason of the decisions made by and acts and omissions of Plaintiffs.

**ELEVENTH AFFIRMATIVE DEFENSE**

Any award of damages to Plaintiffs should be reduced by any collateral source payments paid to and/or received by Plaintiffs.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff(s) are precluded from maintaining a claim for emotional distress, mental suffering or psychological injury of any kind since Plaintiff(s) failed to sustain any physical injury attributable to COVID-19.

/ / /

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are precluded from maintaining a claim for emotional distress, mental suffering or psychological injury of any kind prior to their contracting and exhibiting symptoms of COVID-19.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant acted at all times in compliance with and in reasonable reliance on the health guidance and regulations of the CDC and other applicable health agencies.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant's actions or omissions as alleged in the Second Amended Complaint did not proximately cause Plaintiffs to contract COVID-19.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are limited by the Athens Convention relating to the Carriage of Passengers and their Luggage by Sea 1974 ("Athens Convention").

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent California law applies, if at all, Plaintiffs' claims are barred by the provisions of California Civil Code section 1714.8 in that the injuries and damages complained of by the Plaintiffs herein, if any, were solely as the result of the natural course of a disease or condition and/or expected result of reasonable treatment rendered for the disease or condition by the defendants herein.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim that any act or omission of Defendant was the substantial factor in causing the alleged injuries and damages set forth in Plaintiffs' compliant.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant had no actual or constructive notice of any act or omission on its part that foreseeably would have placed Plaintiffs at actual risk of immediate physical injury from COVID-19.

## TWENTIETH AFFIRMATIVE DEFENSE

There is no right to a jury trial for this matter.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Third-party passengers/persons misstated facts and/or failed to disclose facts to Defendant when answering the Traveler's Health Declaration during embarkation and such misstatements and/or failures were the cause of any injuries alleged in the Second Amended Complaint for which Defendant cannot be held responsible.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant complied with the applicable protocols of CLIA, WHO, and CDC recommendations at the time of Plaintiffs' subject cruise.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the acts or omissions alleged to have been performed by Defendant, if performed at all, were made in good faith and/or justified.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages and injuries resulted from unavoidable events and were not proximately caused by any alleged negligence or gross negligence on the part of Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs had actual knowledge and/or notice of the potential to contract COVID-19 prior to and during their cruise and consciously and voluntarily assumed the risk of same.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Punitive damages are precluded as a matter of law as such damages are not traditionally awarded under maritime law for cases involving disease exposure.

/ / /

/ / /

/ / /

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

The imposition of punitive or exemplary damages would contravene Defendant's constitutional rights to substantive and procedural due process of law under the applicable provisions of the Constitution of the United States. Additionally, imposition of punitive damages would place a burden on commerce in violation of Article I, Section 8, of the Constitution of the United States.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent the injuries complained of are too remote and speculative, such that imposing liability, in whole or in part, would violate the Due Process Clause of the Constitution of the United States and any applicable state constitution.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' illness was caused by an Act of God for which Defendant cannot be held responsible under applicable law and/or the terms of the Passage Contract.

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' illness was caused by a novel disease which was beyond Defendant's control.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' illness was caused by a novel disease which was not within Defendant's exclusive control.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Defendant claims the benefit of any statutory liability limitations relating to COVID-19 which now exist, or which may in the future be adopted.

Defendant reserves its right to add additional affirmative defenses as discovery develops.

/ / /

/ / /

/ / /

WHEREFORE, Defendant prays judgment as follows:

1. That Plaintiffs take nothing by way of their complaint;
2. That the Court enter judgment for Defendant;
3. For costs incurred in defense of this action; and
4. For such other and further relief as the Court may deem proper.

DATED: September 25, 2020        Respectfully submitted,

MALTZMAN & PARTNERS

By:    *s/ Jeffrey B. Maltzman*
       Jeffrey B. Maltzman
       Rafaela P. Castells
       Edgar R. Nield
       Gabrielle De Santis Nield
       *Attorneys for Defendant,*
       *Princess Cruise Lines Ltd.*

MALTZMAN & PARTNERS
681 Encinitas Boulevard, Suite 315
Encinitas, CA 92024
Telephone: (760) 942-9880 Fax: (760) 942-9882

12
DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT      2:20-CV-03847-RGK-SK